**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KATHY PELLMAN, | : |
| | : |
| **Plaintiff** | CIVIL ACTION NO. 3:17-1481 |
| | : |
| v. | |
| | : (JUDGE MANNION) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security | : |
| | : |
| **Defendant** | |

# **M E M O R A N D U M**

Pending before the court is the report and recommendation of Judge Arbuckle, (Doc. 12), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be denied, and that the decision of the Commissioner be affirmed. Judge Arbuckle reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. The court has jurisdiction over this appeal pursuant to 42 U.S.C. §1383(c)(3). The plaintiff, Kathy Pellman, has filed objections to Judge Arbuckle's report.[1] (Doc. 15). The Commissioner

---

[1] Plaintiff is represented by counsel in this case. The court notes that since Judge Arbuckle stated the full procedural history of this case in his report and since plaintiff did not object to it, the court will not repeat it herein.

responded to plaintiff's objections on May 20, 2019. (Doc. 16).

For the following reasons, the report and recommendation is **ADOPTED** and plaintiff's appeal of the decision of the Commissioner will be **DENIED**.

**I.     STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local

Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008 ). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971 ). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

Recently, the Supreme Court in Biestek v. Berryhill, —U.S.—, 139 S.Ct. 1148, 1154 (2019), stated that "the threshold for [ ] evidentiary sufficiency [substantial-evidence standard] is not high." "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

To receive disability benefits, the plaintiff must demonstrate an "inability

to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II. RELEVANT MEDICAL EVIDENCE

Judge Arbuckle's report and recommendation ("R&R"), as well as the initial briefs of the parties, contain a thorough review of the plaintiff's medical history. The plaintiff did not file any objections to Judge Arbuckle's report with respect to his medical history, so it will be adopted. *See* Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate [judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir.1984)). Also, since the five-step legal

4

framework for addressing a disability claim was properly stated in the R&R, and the findings of the ALJ at each step is in the record, (Tr 12-28, Doc. 8-2 at 13-29), the court incorporates by reference these portions of the R&R and the ALJ's decision.

## III. DISCUSSION

The plaintiff alleged an onset disability date of January 1, 2009. The ALJ found that the plaintiff was not disabled from January 1, 2009, through the date of her decision, January 19, 2016.[2] (Tr. 27-28). The ALJ found that plaintiff had severe impairments of Aortic Insufficiency, Chronic Obstructive Pulmonary Disease ("COPD"), Asthma, Major Depressive Disorder, and Generalized Anxiety Disorder. However, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.

The plaintiff raises two objections to the R&R claiming that Judge Arbuckle erred in his report with respect to his findings about the decision of the Administrative Law Judge ("ALJ"), namely, the judge erred in finding that the ALJ correctly evaluated the opinions of plaintiff's primary care physician and her mental health provider.[3]

---

[2] However, the relevant time period for his case is January 1, 2009, through December 31, 2014, the last date that plaintiff meets the insured status requirements of the Social Security Act.

[3] In his report, Judge Arbuckle specified the ALJ's findings which plaintiff challenged in his briefs as well as his (Judge Arbuckle's) reasoning for finding

5

The court has considered the R&R, plaintiff's objections as well as the Commissioner's response. The plaintiff contends that the ALJ erred by not giving sufficient weight to the opinions of two of her treating physicians. Upon *de novo* review of plaintiff's objections, the court finds that Judge Arbuckle correctly found that the ALJ did not err in evaluating the opinions of Dr. Todd Taylor, plaintiff's primary care treating physician, and Dr. Nalin Patel, one of plaintiff's mental health providers, and in affording "little weight" to these opinions. Judge Arbuckle found that substantial evidence supported the weight the ALJ afforded to the stated opinions.

The record, as discussed by Judge Arbuckle, supports the ALJ's findings and the weight she afforded to Dr. Taylor's opinions. (Tr 24-25). After Dr. Taylor treated plaintiff for an 8-month period from December of 2013 through August 6, 2014, he completed a Medical Source Statement opining that plaintiff "should be considered permanently disabled." (Tr 734). The ALJ detailed the specific residual functional capacity ("RFC") findings which Dr. Taylor found, (Tr 24), and concluded that the doctor's opinion is "afforded little weight, as it is not supported by [his] own objective examination findings or the course of treatment offered by [him]." Dr. Taylor's RFC findings were more restrictive than the ALJ's and would preclude plaintiff from performing light

---

that substantial evidence supported the ALJ's findings. As such, the court does not repeat these discussions herein.

6

work.[4] The ALJ then noted that in light of the "lack of objective support" for Dr. Taylor's opinion, "it appears that [he] may have relied quite heavily on the subjective report of symptoms and limitations provided by [plaintiff]", and that he seemed to accept most of what plaintiff reported. (Tr 24-25). Plaintiff contends that Judge Arbuckle erred in finding that substantial evidence supported the ALJ's assignment of little weight to Dr. Taylor's opinion, and that her limitations found by her doctor were supported by the medical evidence as well by the doctor's long history of treating her. Plaintiff also argues that the ALJ failed to explain why she found that it appeared Dr. Taylor's was basing the limitations he found on plaintiff's allegations.

Contrary to the plaintiff's argument, the ALJ did not simply afford little weight to Dr. Taylor's opinion based on her finding that the doctor seemed to accept the majority of what plaintiff reported to him. Further, the ALJ did explain in the body of her entire decision why the medical records of plaintiff did not support the limitations which Dr. Taylor found. The ALJ also noted that Dr. Taylor's own objective findings from examining plaintiff during the course of his treatment did not support the limitations he found.

Moreover, with respect to Dr. Taylor's August 6, 2014 opinion in the Medical Source Statement that the plaintiff was permanently disabled and his opinion that plaintiff was limited to less than light work, it is well-settled that

---

[4]The ALJ's RFC findings for plaintiff and her conclusion that plaintiff could perform light work with restrictions are in her decision and shall not be repeated herein. (Tr 20).

7

the finding of whether the plaintiff is disabled or unable to work is reserved for the Commissioner. *See* Zonak v. Comm'r of Social Sec., 290 Fed.Appx. 493, 497 (3d Cir. 2008). Additionally, the Third Circuit has long held "forms that 'require[ ] the physician only to check boxes and briefly to fill in blanks ... are weak evidence at best.'" Galette v. Comm'r of Soc. Sec., 708 Fed.Appx. 88, 91 (3d Cir. 2017) (quoting Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993)). The ALJ also explained why she gave significant weight to the opinion of the State agency medical consultant and the limitations she found plaintiff had which were consistent with her ability to perform light work.(Tr 24). In fact, the ALJ included some of the restrictions which the consultant found the plaintiff had in her RFC assessment.

Judge Arbuckle explained the basis for the ALJ's findings how she considered the fact that Dr. Taylor's opinion was not well supported by other medical evidence in the record. In particular, Judge Arbuckle found that the ALJ correctly decided that the record did not support all of the limitations which Dr. Taylor opined plaintiff had. The court finds that Judge Arbuckle applied the proper case law and regulations and correctly found that substantial evidence supported the ALJ's finding with respect to the weight she gave to Dr. Taylor's opinion.

Thus, the court finds that the ALJ provided a sufficient explanation as to why she afforded little weight to the opinions of Dr. Taylor. *See* Fullen v. Comm'r of Soc. Sec., 705 Fed.Appx. 121, 125 (3d Cir. 2017) (Third Circuit stated that "Morales v. Apfel requires that 'the ALJ accord treating physicians'

8

reports great weight,' but there is no requirement to accept those opinions if they are not supported by sufficient evidence in the record.").

Therefore, plaintiff's first objection to Judge Arbuckle's report will be overruled.

Secondly, plaintiff asserts that Judge Arbuckle erred by finding that the ALJ gave proper weight to the opinion Dr. Patel. Dr. Patel, a psychiatrist, began treating plaintiff on March 11, 2014 for her mental health conditions, including major depressive disorder, and managed her medications. Five months after treating plaintiff, Dr. Patel completed a Mental RFC Questionnaire on August 14, 2014, and he opined that plaintiff "is unable to meet competitive standards with her ability to maintain attention for a two (2)-hour segment", and that she "is seriously limited but not precluded in various mental abilities and aptitudes." Dr. Patel also found that plaintiff would be absent from work due to her mental impairments an average of more than four days each month. (Tr 735-739).

The ALJ explained why she gave Dr. Patel's opinions limited weight and why she found that his opinions and the significant psychological limitations he found were an "overestimate of the severity of [plaintiff's] impairments" and did not deserve more weight. The ALJ also noted that Dr. Patel's opinions were not supported by the record in light of "the overall normal mental status examination finding and conservative course of treatment rendered [to plaintiff]." (Tr 25). Further, the ALJ included some of the non-exertional limitations Dr. Patel found in plaintiff's RFC to the extent that he opined

plaintiff had "moderate disorders and overall intact mental capacities."

Judge Arbuckle discussed in detail the findings of the ALJ with respect to Dr. Patel's opinions and how the ALJ's decision to afford limited weight to the doctor's opinions was supported by substantial evidence. (Doc. 12 at 20-21). There is no error with the judge's assessment.

Additionally, plaintiff points to the fact that Dr. Patel and her other mental health providers consistently found that her Global Assessment of Functioning, ("GAF"), scores ranged from 35 to 40,[5] and contends that this shows the ALJ erred in weighing Dr. Patel's opinion that her limitations would not allow her to perform work at the substantial gainful activity level. A GAF score is a subjective scale previously set forth in the American Psychiatric Associations' Diagnostic and Statistical Manual of Mental Health, ("DSM"), which "assesses how well an individual can function according to psychological, social, and occupational parameters, with the lowest scores assigned to individuals who are unable [to] care for themselves." Falcone v. Berryhill, 2018 WL 638453, at **4-5 (M.D.Pa. Jan. 31, 2018) (citing Pounds v. Astrue, 772 F.Supp.2d 713, 716, n. 2 (W.D.Pa. 2011)). A GAF score allows a clinician to indicate his judgment of a person's overall psychological, social

---

[5] A GAF range of 31 to 40 indicates "Some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)." DSM–IV.

and occupational functioning, in order to assess the person's mental health illness, and is set within a particular range if either the symptom severity or the level of functioning falls within that range. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 3-32 (FOURTH), ("DSM–IV").

The ALJ discussed plaintiff's GAF scores ranging from 35 to 40 after August of 2014. She also noted that in August of 2014, Dr. Patel assigned plaintiff a GAF score of 55 indicating only moderate symptoms and moderate difficulty in functioning. The ALJ only gave the GAF scores limited weight because the scores "by definition are subjective, are current, not longitudinal, and represent the worse of [plaintiff's] functioning or symptoms." As such, the ALJ essentially found that a GAF score was not objective and represents only a snapshot of the severity of plaintiff's symptoms at a single appointment. Nor does "[a] GAF score [ ] have a direct correlation to the severity requirements of the ... mental disorder listings." Gilroy v. Astrue, 351 Fed.Appx. 714, 715 (3d Cir. 2009). Further, the ALJ explained that "the objective mental status examination notes accompanying these [GAF] scores suggest intact functioning" and, that "[plaintiff] has required only routine and conservative care." (Tr 25).

The ALJ also explained why she gave significant weight to the opinion of the State agency psychological consultant that plaintiff was able "to meet the basic mental demands of competitive work on a sustained basis despite the limitations resulting from her [mental] impairments." (Tr 24). The

11

consultant also found that plaintiff's mental impairments only moderately limited her ability to "complete a normal work week without interruptions from psychologically based symptoms." The ALJ explained why she found the assessment of a State agency psychological consultant to be entitled to significant weight, namely because the non-exertional limitations the consultant found plaintiff had were consistent and supported by the medical evidence and with her admitted abilities. The ALJ also relied, in part, upon the consultant's opinion to support her RFC assessment.

Therefore, plaintiff's second objection will be overruled since substantial evidence supports the weight which the ALJ afforded to Dr. Patel's opinion.

Finally, insofar as the ALJ afforded more weight to the opinions of both State agency consultants than to the opinions Dr. Taylor and Dr. Patel, "the treating physician's rule entitles the opinion of a treating physician to controlling weight, absent significant evidence inconsistent with that opinion." Rodriguez v. Colvin, 2018 WL 1474073, *7 (E.D.Pa. March 23, 2018) (citations omitted). "However, the opinions of non-examining physicians can override a treating source's opinions, provided that the former are supported by evidence in the record." Id. (citations omitted). Thus, if "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). *See also* Diaz v. Commissioner, 577 F.3d 500, 505-06 (3d Cir. 2009) ("In evaluating medical reports, the ALJ is free to choose the medical

opinion of one doctor over that of another.") (citation omitted).

The ALJ's reasoning as why she afforded significant weight to the opinions of the State agency consultants was because they were supported by the medical evidence and by the fact that plaintiff's treatment has been routine and conservative.

**IV. CONCLUSION**

In light of the foregoing, Judge Arbuckle's report and recommendation, (Doc. 12), is **ADOPTED**, and plaintiff's objections, (Doc. 15), are **OVERRULED**. Further, plaintiff's appeal, (Doc. 1), is **DENIED** and, the Commissioner's decision is **AFFIRMED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 30, 2019**

17-1481-01.wpd